UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No. _____

1ST SUN PROPERTIES, LLC,

       Plaintiff,

vs.

AH BISCAYNE INVESTOR, LLC, BISCAYNE BOULEVARD PROPERTY OWNER, LLC, and MAURICE KAUFMAN,

       Defendants.

## NOTICE OF REMOVAL

Defendants, AH Biscayne Investor, LLC ("AH Biscayne"), Biscayne Boulevard Property Owner, LLC ("Biscayne LLC"), and Maurice Kaufman ("Kaufman"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice that this action is removed from the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, Florida, to the District Court of the United States in and for the Southern District of Florida, and in support thereof, state as follows:

### Timeliness of Removal

1. On April 18, 2017, plaintiff 1st Sun Properties, LLC ("1st Sun") commenced this action against defendants in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *1st Sun Properties, LLC v. AH Biscayne Investor, LLC, et al.,* No. 2017-009265-CA-01 (the "State Court Action"). A true and correct copy of the complaint and all other process, pleadings and orders served upon defendants in the State Court Action is attached hereto

as Exhibit A.[1]

2. On May 1, 2017, plaintiff served defendants with the summons and complaint in the State Court Action. None of the defendants had notice of the State Court Action prior to service of the summons and complaint.

**Jurisdiction**

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. 1st Sun is, and upon the filing of the State Court Action was, a citizen of the State of Connecticut. 1st Sun is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 2319 Whitney Avenue, Suite 1A, Hamden, Connecticut 06518. 1st Sun's sole member is Michael Belfonti. Michael Belfonti is domiciled in, and is a citizen of, the State of Connecticut.

5. All properly named defendants are, and upon the filing of the State Court Action were, citizens of the State of New York. Defendant AH Biscayne is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 333 Earle Ovington Blvd., Uniondale, New York 11553. AH Biscayne's sole member is AMAC Manager II LLC. The sole members of AMAC Manager II LLC are Ivan Kaufman, defendant Maurice Kaufman and Fred Weber. Each of Ivan Kaufman, Maurice Kaufman and Fred Weber is domiciled in, and is a citizen of, the State of New York.

6. Nominal and non-diverse defendant Biscayne LLC is a citizen of the States of

---

[1] The State Court action directly relates to an action that already is pending in this Court. *See AH Biscayne Investor, LLC v. 1st Sun Properties, LLC*, S.D. Fla. Case No. 1:16-CV-23573-COOKE/TORRES (the "Federal Court Action").

New York and Connecticut because its member AH Biscayne is a citizen of the State of New York and its member 1st Sun is a citizen of the State of Connecticut (Biscayne LLC also has a third member that is an affiliate of 1st Sun and that is citizen of the State of Connecticut).

7. Plaintiff improperly named Biscayne LLC as a defendant on three counts in the State Court Action solely to attempt to deprive this Court of jurisdiction over this action. The allegations in those three counts (Counts I, III and IV) do not state any claims against Biscayne LLC.

8. In Count I of the complaint, naming all defendants, 1st Sun seeks an order requiring diverse defendants AH Biscayne and Maurice Kaufman to sign and file with the Florida Division of Corporations (the "Division") a proposed Statement of Correction concerning matters relating to Biscayne LLC (and that are the subject of the Federal Court Action). 1st Sun alleges that it named nominal defendant Biscayne LLC as a defendant on this claim solely to satisfy the requirements of the Florida Revised Limited Liability Company Act (the "Act"), which requires a limited liability company to be named as a defendant in an action to compel a member to file with the Division any document that is "required" by the Act. *See* § 605.0204(2), Fla. Stat. However, there is no possibility of establishing this claim against Biscayne LLC because the Statement of Correction that 1st Sun seeks to compel is not "required" by the Act. Section 605.0209 of the Act, which governs statements of correction, specifically provides that "[a] person . . . *may* correct the record" under certain circumstances; it does not require such correction. (Emphasis added.)[2] Accordingly, Count I does not -- and cannot -- state

---

[2] By contrast, the Act specifically provides that other documents are required to be filed. *See, e.g.*, §§ 605.1043 and 605.1045 (requiring filing of articles of domestication under § 605.1055); § 605.1035 (requiring filing of articles of interest exchange); §§ 605.1023 and 605.1025 (requiring filing of approval of articles of merger); § 605.0201 (requiring filing of articles of organization); § 605.0118 (requiring provision of checks (citing § 607.193)); § 605.0116

3

a claim against Biscayne LLC (or any of the other defendants).

9. In Counts III and IV, plaintiff asserts claims for constructive trust and unjust enrichment against diverse defendant AH Biscayne and nominal defendant Biscayne LLC. Plaintiff alleges that AH Biscayne and Biscayne LLC have been unjustly enriched by AH Biscayne's and 1st Sun's transfer to Biscayne LLC of title to the real property (the "Property") underlying the project at issue in the Federal Court Action, and seeks a constructive trust on that basis. These claims are facially without merit.

10. Because 1st Sun and AH Biscayne transferred the Property to Biscayne LLC pursuant to the valid and binding agreements at issue in the Federal Court Action, 1st Sun cannot state a claim for unjust enrichment. *See Validsa, Inc. v. PDVSA Servs.*, 424 F. App'x 862, 873 (11th Cir. 2011); *Circeo-Loudon v. Green Tree Servicing, LLC*, No. 14-21384-CIV-MORENO, 2014 WL 4219587, at *4-5 (S.D. Fla. Aug. 25, 2014); *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984).

11. Moreover, because plaintiff admittedly received an interest in Biscayne LLC in exchange for the transfer of plaintiff's interest in the Property to AH Biscayne, it was fully compensated for transferring its interests in the Property to Biscayne LLC and cannot state a claim for unjust enrichment. *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331–32 (Fla. 5th DCA 2007).

12. And because plaintiff cannot state a claim for unjust enrichment, it cannot establish entitlement to a constructive trust. *See Castetter v. Henderson*, 113 So. 3d 153, 155 (Fla. 5th DCA 2013).

---

(requiring filing of notice of change of address); § 605.0212 (requiring filing of annual reports); § 605.0715 (requiring filing of certain documents related to reinstatement of dissolved LLCs).

4

13. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Plaintiff's claims arise from the parties' joint development of a vacant plot of land into an eight-story, 402-unit residential building. As will be undisputed in the Federal Court Action, the Property initially was purchased for more than $16 million, and by July 2016, the agreed upon capitalization of the parties' development project amounted to $23 million.

14. All defendants consent to the removal of the State Court Action.

15. The state court in which this action was commenced is within this Court's district and division.

16. Defendants will file a Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d), and a copy of this Notice of Removal will be served upon plaintiff's counsel.

WHEREFORE, defendants request that this action proceed in this Court as properly removed.

KASOWITZ BENSON TORRES LLP

By: s/ *Jonathan E. Minsker*
Jonathan E. Minsker
Florida Bar No. 38120
(jminsker@kasowitz.com)
Maria H. Ruiz
Florida Bar No. 182923
(mruiz@kasowitz.com)

1441 Brickell Avenue
Suite 1420
Miami, Florida 33131
Telephone: (305) 377-1666
Facsimile: (305) 377-1664

*Attorneys for Defendants AH Biscayne Investor, LLC, Biscayne Boulevard Property Owner, LLC, and Maurice Kaufman*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2017, a true and correct copy of Defendants' Notice of Removal was served by CM/ECF on the persons listed below.

Victor M. Diaz, Jr.
VM Diaz & Partners, LLC
119 Washington Ave, Suite 402
Miami Beach, Florida 33139
305-704-3200 (Telephone)
305-538-4928 (Facsimile)
victor@diazpartners.com

By:  s/ *Jonathan E. Minsker*
        Jonathan E. Minsker